In the Matter of JAMES SWAN et al., Petitioners, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.*

Supreme Court, Special Term, New York County, August 29, 1941.

*George Feinberg* for petitioners.

*James B. M. McNally* for objectors.

PECORA, J. This proceeding is brought to direct the board of elections of the city of New York to place on the ballot for the primary election certain names as candidates for the positions of county committeemen in the 12th to the 27th election districts, inclusive, of the 5th Assembly district, New York county. The proceeding was commenced by two orders to show cause. Since the signing of said orders the Board of Elections has unanimously sustained objections filed by sixteen citizen objectors pursuant to section 142 of the Election Law

---

* Affd., 262 App. Div. 956; 286 N. Y. 678.

70

(Cons. Laws, ch. 17). The instant proceeding was commenced without notice to the citizen objectors, whose objections have been sustained. They appear specially herein and ask that the proceeding be dismissed for that reason.

The only service which was made was upon Michael J. Kennedy, one of the committee named and appointed to fill vacancies on certain designating petitions. He is not one of the objectors. The time to serve the objectors has elapsed. (Election Law, § 330, subd. 1.) It has been held that objectors are necessary parties to such a proceeding. (*Matter of Brennan* [*Cohen*], New York Law Journal, March 25, 1940, p. 1341; *Devine* v. *Cohen*, New York Law Journal, Sept. 4, 1940, p. 515.) It seems that such a conclusion is correct for the objectors will be materially affected by any ruling which may be made and are actually the real parties in interest. I therefore hold that the failure to make said objectors parties to this proceeding, and failure to serve them within the time prescribed by the Election Law, makes the proceeding fatally defective. The proceeding is therefore dismissed upon motion of the citizen objectors appearing specially herein for that purpose.