In the Matter of MARGARET K. GALLAGHER et al., Petitioners, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, New York County, July 26, 1943.

*Joseph H. Broderick* for petitioners.

*Andrew M. Lawler* for respondents.

VALENTE, J. This proceeding under section 330 of the Election Law to invalidate a petition must be instituted within fourteen days after the last day to file petitions. It is not disputed that the last day for this purpose was July 20, 1943, the date of the order to show cause. It provided by its terms that service might be effected by mailing a copy thereof on or before July 20, 1943, to the committee to fill vacancies. The question presented is whether the court obtains jurisdiction to entertain the proceeding where the mailing in such case takes place on July 20, 1943, but the order to show cause is not received or actually delivered until a later date. Section 335 of the Election Law permits a proceeding to be heard " upon such notice * * * as the court * * * shall direct * * *." Under subdivision 1 of rule 20 of the Rules of Civil Practice, papers generally may be served by mail, but under rule 21 papers to *begin* a proceeding must be served in a manner similar " to the mode of personal service of a summons." Without deciding the question whether the latter rule might exclude the mailing of an order to commence a proceeding of this character altogether, nevertheless it is clear from the facts disclosed in the

*Matter of Constantino* (286 N. Y. 681) that mailing on the last day does not fulfill the requirements of the statute. An examination of the papers in that matter reveals that an order to show cause was procured on August 26, 1941, which was the last or fourteenth day. It provided for service by mailing on or before that day, August 26, 1941, which was complied with by mailing on that day. The Special Term dismissed the proceedings, and its direction was affirmed without opinion, 262 Appellate Division 957. The Court of Appeals affirmed without opinion. In respect of the dismissal of the proceedings by the Special Term, the memorandum report of the decision of the Court of Appeals (286 N. Y. 681) states: "The ruling was based upon the ground that the proceedings were not instituted within the required statutory period of fourteen days." (See, also, *Matter of Tombini*, 177 Misc. 148, affd. 262 App. Div. 956.) The court deems the failure to serve the order within the time allowed as fatal and therefore the proceeding cannot be entertained. Furthermore, it appears that a copy of the order to show cause was not served upon the candidate, but upon the committee to fill vacancies and the Board of Elections. Such service is insufficient to invoke the jurisdiction of the court, for service must be made upon the candidate. (*Matter of Mucciolo*, 37 N. Y. S. 2d 575.) For the reasons assigned, the proceeding is dismissed.