In the Matter of A. ALBERT TORRE, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, August 5, 1946.

*Frank Luongo* for petitioner.

*John J. Bennett, Corporation Counsel (Thomas W. A. Crowe* of counsel), for William J. Heffernan and others, constituting the Board of Elections, respondents.

*Sidney Squire* and *Abraham J. Multer* for Joseph Martino, respondent appearing specially.

STEINBRINK, J. This is an application by A. Albert Torre for an order to restore the designating petition heretofore filed in the office of the Board of Elections designating him as a candidate for nomination for the office of State Senator in the 13th Senatorial District.

There is a special appearance on behalf of Joseph Martino, designated as the objectant.

The Board of Elections has ruled out the designating petition of Torre, and the movant here seeks to reinstate that petition.

The special appearance raises a jurisdictional question, and one with reference to which there is no dispute as to the facts.

The petitions were filed, the court is informed, on July 16, 1946. On July 30th, by order to show cause dated on that date, this proceeding was initiated. The notice to the objectant was given by registered mail. The photostat copies of the envelope are annexed to the special appearance, and with respect to this there is no issue. It is the envelope of Mr. Dominick G. Longo and bears the Brooklyn, New York, stamp "July 30, 1946." This was undoubtedly, as a registered letter, routed and was received on July 30, 1946, at Station C of Brooklyn. Thereafter it was delivered to the objectant.

The proceeding is based on section 330 of the Election Law, which gives to the court summary jurisdiction.

There is called to the court's attention the decision of the Court of Appeals in *Matter of King* v. *Cohen* (293 N. Y. 435). That was a proceeding to invalidate a petition, and it is the contention of counsel for the petitioner that the fact that the *King* case (*supra*) turned on a proceeding to invalidate distinguishes it from this proceeding, which is one to reinstate or to validate a petition.

The court can see no such distinction under section 330. The whole purpose of that section and its requirements with respect to notice is that it shall be strictly followed, in order that jurisdiction may be conferred upon the court.

In the *King* case (*supra,* p. 439) Judge LOUGHRAN said: " The parties against whom a proceeding of this kind is brought are entitled to such notice thereof ' as the court, justice or judge shall direct '. (Election Law, § 335.) As heretofore construed by us, this requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced ", citing *Matter of Constantino* (286 N. Y. 681).

Parenthetically, it is here observed that there was no delivery here until July 31st, when the delivery came to the objectant, by virtue of the receipt by him on that day of the registered letter.

I do not understand why registered mail was resorted to in this case, especially in light of the warning which the Court of Appeals gave in the *King* case (*supra*), with respect to which the court said, again at page 439: " Consequently the attempted service by mail upon two of the respondents was ineffectual, as the Special Term ruled. In this connection, we are moved to remark that the use of registered mail is likely to result in a failure of timely delivery of notice of the proceeding."

That is exactly what happened here. Due to transmission and routing, there was at least one day's delay.

The court, therefore, holds that there is no distinction under section 330 between a proceeding which seeks to invalidate a petition and a proceeding which seeks to validate it. The jurisdictional objection is well taken, and the proceeding is dismissed.