In the Matter of ERNESTINE HILTSLEY et al., Petitioners, against THOMAS F. DONOHUE et al., Constituting the Board of Elections of Albany County, et al., Respondents.

Supreme Court, Special Term, Albany County, October 15, 1948.

*Nellie Gordon* for petitioners.

*Walter L. Collins, County Attorney*, for Board of Elections of Albany County, respondent.

*Russel G. Hunt* for Leroy Schoonmaker, as Town Clerk of the Town of Knox, respondent.

*Smith, Sovik, Levine & Richardson* for Arthur Wolfe, respondent-objector.

BOOKSTEIN, J.  On or about September 7, 1948, there was filed in the office of the respondent Leroy Schoonmaker, clerk of the Town of Knox, Albany County, a certain petition requesting the submission to the electors of said Town of Knox of the four questions as to whether alcoholic beverages shall be sold in said town in accordance with group A of subdivision 1 of section 141 of the Alcoholic Beverage Control Law.  The last day to file such a petition under subdivision 17 of section 314 of the Election Law was September 7, 1948.  Accordingly, the petition in question was filed in due season.

At the time of the filing of said petition, it contained the required number of signatures.  Subsequent to such filing, some thirty-six of the signatories either eliminated or caused to be eliminated their signatures thereon, thereby reducing the number of signatures that remained to a number which was less than the number required by law.  Thereafter, the town clerk of the Town of Knox filed with the Board of Elections of the County of Albany, a certified copy of said petition, which certified copy thereof did not contain the names of those whose signatures had been eliminated.  Thereupon, the respondent Arthur Wolfe filed objections with the Albany County Board of Elections against said petition on the ground that it did not contain the number of signatures required by law to authorize the board of elections to place upon the official ballots prepared for the general election to be held in the Town of Knox on November 2, 1948, the four questions proposed by the petition in question.

The action of the respondent, Schoonmaker, either in striking names from the petition or permitting others to do so, after the petition was filed with him, was wholly without warrant or authority in law.

On or about September 13, 1948, the Albany County Board of Elections sustained the objections thus raised and rejected the petition and so notified the petitioners herein.  Thereupon, the petitioners herein commenced this proceeding by an order to

show cause dated September 21, 1948, requiring the respondents to show cause why the stricken signatures should not be restored to the petition, and why the petition with the signatures restored should not be filed and why the questions proposed thereby should not be placed upon the official ballots for the general election to be held in the Town of Knox, on November 2, 1948. The order to show cause was dated September 21, 1948, and provided for service of a copy of the order to show cause on the respondents, the board of elections and the town clerk of the Town of Knox, on or before September 25, 1948. It also required the service of a copy of the order on the attorneys for the respondent-objector, Arthur Wolfe, by depositing copies thereof in the United States mail on or before September 25, 1948.

Service was effected on the respondent Leroy Schoonmaker, the town clerk of the Town of Knox, on September 21, 1948; on the same day, service was effected on the respondents, the members of the Board of Elections of the County of Albany. Service on the attorneys for the objector and on the New York State Liquor Authority was effected by a mailing of the petition and order to show cause on September 23, 1948.

It is conceded by all of the parties who appeared in this proceeding, that, by virtue of subdivision 1 of section 330 of the Election Law, the last day to institute this proceeding was September 21, 1948. The order to show cause was made returnable on October 8, 1948, and required verified answers to be served before October 6, 1948.

The respondent-objector, Arthur Wolfe, verified an answer on October 4, 1948, and it was mailed to the attorney for the petitioners on. October 5, 1948. The answer of the respondent-objector, Arthur Wolfe, pleads as an affirmative defense that this proceeding was not instituted within the time fixed by law, to wit, September 21, 1948, and hence is jurisdictionally defective.

As already indicated, the parties are agreed that September 21, 1948, was the last day to institute this proceeding. The attorney for the petitioners contends that this requirement was complied with by obtaining the order to show cause on September 21, 1948, even though it is conceded that no service was made on the respondent-objector, Arthur Wolfe, until the mailing of the papers to him on September 23, 1948. Petitioners contend that the word " institute " as used in the statute means " to originate " and that so long as the order to show cause was obtained on September 21, 1948, and some of the parties served on that date, the proceeding was originated and, therefore, instituted on September 21, 1948, and in support of that contention

cites the case of *Matter of Bewley* (138 Misc. 108). That case appears to sustain such contention of the petitioners but it must be deemed to have been overruled by the later decisions in *Matter of King* v. *Cohen* (293 N. Y. 435), *Matter of Constantino* (286 N. Y. 681), *Kram* v. *Cohen* (50 N. Y. S. 2d 322), *Ramos-Lopez* v. *Heffernan* (64 N. Y. S. 2d 603) and *Matter of Torre* v. *Heffernan* (188 Misc. 284).

In all of those cases it was held that the proceeding referred to in subdivision 1 of section 330 of the Election Law, is not instituted unless and until there is actual service upon the respondents of the moving papers. In *Kram* v. *Cohen, et al., supra,* it was held that due and timely service on some of the respondents does not constitute due and timely service on the respondents not served on or before the last day to institute the proceeding and that the respondent-objector is a necessary party. Accordingly, in this case, it was necessary in order to institute the proceeding within the time fixed by subdivision 1 of section 330 of the Election Law for all of the respondents to be actually served with the moving papers not later than September 21, 1948. Concededly, service was not effected upon the respondent-objector, Arthur Wolfe, until after that date, the affidavit of service showing that the papers were mailed to him from Cobleskill, New York, on September 23, 1948.

The petitioners contend that even if the proceeding has been instituted at a date later than the time fixed by statute for the institution thereof, nevertheless the court has jurisdiction over the proceeding by reason of the fact that the respondent Arthur Wolfe has appeared generally and served an answer instead of appearing specially and raising the jurisdictional question.

It is true that in all of the cases above cited, with the possible exception of the *Constantino* case (*supra*), in which the case as reported does not indicate whether the appearance was general or special, the question was raised upon the special appearance and not upon an answer or a general appearance. Were the jurisdictional question one of jurisdiction of the person, there would be much force in the contention of the petitioners. It is elementary that a person can confer upon a court, jurisdiction of the person, by consent, agreement, or voluntary appearance. It is quite as elementary that jurisdiction of the subject matter which a court does not possess cannot be conferred upon it by consent or voluntary agreement of parties or otherwise. In a proceeding such as this, the Supreme Court does not have inherent jurisdiction. Its jurisdiction rests solely on the statute, which, so far as applicable, reads as follows:

" The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any of the subjects set forth in this section, which shall be construed liberally. Such proceedings may be instituted as a matter of right and the supreme court shall make such order as justice may require.

1. * * * *but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions."* (Italics supplied.)

The question arises whether the limitation contained in the words, " but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions ", is a short Statute of Limitations or whether it is a limitation upon the jurisdiction conferred upon the Supreme Court. If it is a short Statute of Limitations, then the question is properly raised by an answer because the proper method of raising the defense of the Statute of Limitations is to plead the same as an affirmative defense; otherwise, it is deemed to be waived. If, therefore, the language thus employed is a Statute of Limitations, the respondent-objector has properly raised the question by pleading same as an affirmative defense and the conceded facts sustain such a plea.

On the other hand, if the words thus employed are a limitation upon the jurisdiction of the court, then, of necessity, it is a limitation upon the jurisdiction of the subject matter of the proceeding.

There is much to be said for the proposition that the time limitation fixed is a limitation upon the jurisdiction of the Supreme Court. The Supreme Court has jurisdiction of a proceeding such as this *only upon the condition* that the same is instituted, that is, the papers therein served, within the time fixed by statute and if served thereafter, there is no jurisdiction in the court of the subject matter. This view is borne out by the fact that in the foregoing cases in which the process was served after the time limit fixed for the institution of a proceeding under this section, they were dismissed for jurisdictional defect upon special appearances; the court had jurisdiction of the person of the respondents by the service of the process. The dismissal for jurisdictional defects must have been predicated on lack of jurisdiction of the subject matter. A careful examination of the cases thus cited shows that the objection was to the jurisdiction of the court, which doubtless referred to the subject matter and not to the person. If that be so, and if the appearance of the respondent-objector, Arthur Wolfe, be regarded as general rather than special by reason of the service of the answer

to the petition therein, such general appearance at most served only to waive any question as to jurisdiction of the person; it could not serve to confer upon the court jurisdiction of the subject matter, if the court did not possess such jurisdiction.

Accordingly, if the limitation fixed by subdivision 1 of section 330 of the Election Law, is only a Statute of Limitations, then the question has been properly raised by the affirmative plea of the Statute of Limitations; if the limitation ousts the court of jurisdiction of the subject matter, then in a proceeding instituted after the date fixed therefor, the court is without jurisdiction of the subject matter and such jursdiction cannot be conferred voluntarily or by a general appearance.

In *Robinson* v. *Oceanic Steam Navigation Co.*, (112 N. Y. 315, 324) the Court of Appeals said: " Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, *ex mero motu*, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action. (Cooley's Const. Lim. 398; *Davidsburgh* v. *Knickerbocker L. Ins. Co.*, 90 N. Y. 526.) In the case cited DANFORTH, J., said: ' There are no doubt many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact.' "

So here, where the jurisdiction conferred upon the Supreme Court in the summary proceeding provided for by section 330 of the Election Law, subdivision 1 thereof, is conferred only in cases where the proceeding is instituted within the time fixed, that condition becomes a jurisdictional fact and if the fact be that the proceeding was instituted within the time fixed, the court has jurisdiction of the subject matter; if the fact be that it was not so instituted, no jurisdiction of the subject matter exists and the court is not empowered to entertain the proceeding, once its attention is called to the nonexistence of the fact which gives it jurisdiction of the subject matter.

So whether the limitation provided by law is a Statute of Limitations or a limitation upon the jurisdiction of the court as to the subject matter, the proceeding must be dismissed, on either ground and the court is without power to grant the relief sought, even though the removal of the signatures from the petition was unauthorized.

Submit order.