In the Matter of ABRAHAM KAPLAN, as Candidate for Nomination by the Republican Party for the Public Office of City Judge of the City of Long Beach, Petitioner, against WILLIAM D. MEISSER et al., Constituting the Board of Elections of the County of Nassau, et al., Respondents.

Supreme Court, Special Term, Queens County, August 23, 1949.

Carlino & Friedman for petitioner.

M. John P. Jacobs for Foster E. Vogel, respondent appearing specially.

Marcus G. Christ, County Attorney (G. Burchard Smith of counsel), for Nassau County Board of Elections, respondent.

FROESSEL, J.   In the first of two applications, the petitioner, Abraham Kaplan, by an order to show cause dated August 16, 1949, applies to this court, under subdivision 1 of section 330 of the Election Law, for an order " striking out and removing from the records of the Board of Elections of Nassau County the designating petition for the nomination of FOSTER E. VOGEL for

the office of City Judge of the City of Long Beach, New York, nominated in the alleged petition filed with the said Board of Elections on or about the 2nd day of August, 1949 '' on the ground that the respondent Vogel, a candidate for nomination as City Judge, is not a resident of the city of Long Beach.

In a second application, the petitioner, Foster E. Vogel, by an order to show cause dated August 18, 1949, applies to this court for an order '' vacating and setting aside '' the aforesaid order to show cause, dated August 16, 1949, '' upon the grounds that the Court acquired no jurisdiction of the person of FOSTER E. VOGEL ''. The said petitioner appears specially on this application and urges that the Kaplan proceeding must be dismissed. The board of elections also appears as a respondent on both applications.

It is undisputed that the last day to file designating petitions under the Election Law was August 2, 1949, on which day the designating petition in question was filed. Accordingly, the last day on which to institute this proceeding was August 16, 1949 (Election Law, § 330, subd. 1).

It is well settled that a motion is made and a special proceeding instituted, just as an action is commenced, by service of process and not by its mere issuance. (Civ. Prac. Act, § 113; Rules Civ. Prac., rule 21; *Matter of Tombini,* 177 Misc. 148, affd. 262 App. Div. 956; *Matter of Gallagher* v. *Cohen,* 180 Misc. 1030.)

The order to show cause in the Kaplan proceeding was issued on August 16, 1949, the fourteenth day after the filing of the designating petition and provided for service on the respondent Vogel by depositing '' a copy thereof on or before the 16th day of August, 1949 not later than 5 P.M. properly enclosed in a prepaid wrapper and deposited in any United States Post Office addressed to him at his place of residence, set forth in said purported designating petition ''. The petition and order were mailed on August 16th, but concededly were not delivered to the respondent until the following day, August 17th, fifteen days after the filing of the designating petition, or one day too late. It is now well settled that this service was untimely and the court had no power to extend the time provided by statute within which to institute a proceeding of this character, by reason of the mandatory provisions of subdivision 1 of section 330 of the Election Law. (*Matter of Rosenberg* v. *Cohen,* 296 N. Y. 620; *Matter of Rosenberg* v. *Gralla,* 296 N. Y. 623 [in the foregoing cases, ordinary mail sent within the fourteen-day period, but

delivered thereafter, was held untimely though in compliance with a court order]; *Matter of Kram* v. *Cohen*, 293 N. Y. 746 [where the court sought to extend the time for substituted service]·; *Matter of King* v. *Cohen*, 293 N. Y. 435, 439 [where registered mail sent within the fourteen-day period, but delivered thereafter, was held untimely though in compliance with the court order, the court stating: '' As heretofore construed by us, this requirement calls for delivery of the instrument of notice not later than on the last day on which the proceeding may be commenced. (*Matter of Constantino*, 286 N. Y. 681.) Consequently the attempted service by mail upon two of the respondents was ineffectual, as the Special Term ruled.'']; *Matter of Torre* v. *Heffernan*, 296 N. Y. 624; *Matter of Rosenberg* v. *Cohen*, 293 N. Y. 769, and 293 N. Y. 770; *Matter of Gaberman* v. *Cohen*, 293 N. Y. 771.)

Service on the board of elections alone is not sufficient to maintain this proceeding. The objecting respondent must have been served within the required period as well, for he is a necessary party to such proceeding. (*Matter of Swan* v. *Cohen*, 179 Misc. 69, affd. 262 App. Div. 956, affd. 286 N. Y. 678; *Matter of Kram* v. *Cohen, supra.*) He is the real party in interest and, of course, will be materially affected by any ruling which may be made here. Service upon him after the expiration of the period of limitation fixed by law is no notice. (*Matter of Gallagher* v. *Cohen, supra; Matter of Mucciolo*, 37 N. Y. S. 2d 575; *Matter of Walker*, 50 N. Y. S. 2d 277.)

I am constrained to conclude that the challenge of the respondent Vogel to the proceedings instituted by the petitioner Kaplan must be sustained because of untimely service and accordingly the said application of the petitioner Kaplan is dismissed. Settle order on one day's notice.