Jacob Markowitz, J.
Petitioner, Joseph P. Brennan, by petition dated November 2, 1955, seeks to nullify and set aside the nomination of John H. Farrell for the public office of member of the Assembly, Third Assembly District, New York County, to be voted at the general election on November 8,1955. The order to show cause obtained by petitioner was served on the respondent, Farrell, on November 9, 1955 and was returnable November 14, 1955. On the return date the motion was adjourned to December 12, 1955.
Petitioner Brennan contends that John H. Farrell fails to qualify as a candidate on the ground that he does not meet the requirements set forth in section 7 of article III of the State Constitution, to-wit, failure to reside within the duly constituted and designated boundaries of the Third Assembly District for a period of one year.
The respondent, Farrell, by way of cross motion seeks to dismiss the petition. The motions are deemed consolidated and disposed of herewith in this memorandum.
John H. Farrell was designated as a candidate of the Democratic party for the public office of member of the Assembly, Third Assembly District, New York County. Thereafter he was chosen, without opposition, by the enrolled members of the party as the nominee of the Democratic party in the primary election held on September 13,1955.
It is conceded by the petitioner (1) that he, the petitioner, was neither a candidate himself for the public office of member of the Assembly in either the primary dr general election, nor that he was the chairman of any political committee, as defined in the Election Law, nor that he filed any objection to the nomination of Farrell with the Board of Elections; (2) that John H. Farrell, on November 8, 1955, was duly elected as a member of the Assembly, Third Assembly District, New York County, by the registered voters of said Assembly District; (3) that the Board of Elections of the City of New York thereafter issued a certificate of election to the respondent, Farrell, certifying his election to said public office; and (4) that the respondent, Farrell, has taken his oath of office and filed the necessary documents with the proper authorities.
*89 On petitioner’s own papers and the conceded facts, it is apparent that the court lacks jurisdiction to grant the summary relief requested by petitioner, Brennan. The mandatory requirements of the Election Law for timeliness in the institution of this proceeding and the necessity for petitioner to establish that he is a proper party entitled to institute this proceeding have not been met. (Election Law, §§ 145, 330; Matter of Petito v. Heffernan, 115 N. Y. S. 2d 118, affd. 280 App. Div. 883; Matter of Kaplan v. Meisser, 196 Misc. 6, and cases cited therein; Matter of Park v. Meisser, 91 N. Y. S. 2d 366; Matter of Kaplan v. Meisser, 196 Misc. 237; Matter of Constantino, 286 N. Y. 681; Matter of King v. Cohen, 293 N. Y. 435.)
It is also evident that article 78 of the Civil Practice Act is inapplicable, as the law is well settled that this court is without inherent jurisdiction to entertain this proceeding in view of the present status of the respondent, Farrell. The forum available to petitioner is not this court (N. Y. Const., art. III, § 9; Matter of Ginsberg v. Heffernan, 186 Misc. 1029, 1034; Matter of Metz v. Maddox, 189 N. Y. 460; Matter of Macy v. Clayton, 100 N. Y. S. 2d 890, affd. 277 App. Div. 1131; Seavey v. Van Hatten, 276 App. Div. 260; Matter of Mazzotti v. Swezey, 199 Misc. 987).
Accordingly, the petition is in all respects denied and the respondent’s cross motion to dismiss is granted. Settle order.