Samuel M. Gold.
This is a motion by the petitioners to validate a nominating petition of the City Fusion body heretofore filed before the Board of Elections. The respondent appears specially to contest the jurisdiction of the court upon the ground that the opposing candidates to the petitioners have not been named or served. It is quite clear that the restoration of the names of the petitioners upon the ballot will affect the candidate status of the other candidates running for like offices on other party lines. They have a direct interest in the outcome of this proceeding to validate the City Fusion petition.
In Yearwood v. Cohen (37 N. Y. S. 2d 577) the court said: £ £ Failure to name candidates whose designation is affected by *928 the proceeding as parties respondent or failure to give notice to them as necessary parties has been held by me to be a jurisdictional defect. Matter of Mucciolo, 37 N. Y. S. 2d 575; see also Matter of Swan v. Cohen, 179 Misc. 69, 37 N. Y. S. 2d 456, Pécora, J., affirmed 286 N. Y. 678, 36 N. E. 2d 913.”
Accordingly, the special appearance is upheld and the petition is dismissed.
(On reargument.)
Motion for reargument is granted, and, upon reargument, the original disposition is recalled and upon reconsideration the following is the decision of this court:
It appears that on September 23, 1957 an independent petition was filed with the Board of Elections nominating Albert V. Maniscalco and Edward Y. Curry, as candidates of the City Fusion body for the public offices of president of the Borough of Richmond and councilman, 19th Senatorial District, respectively. Thereafter, respondent Timothy W. Costello, a citizen, filed objections to said petition. The Board of Elections, after a hearing upon such objections, invalidated the petition because of insufficient valid signatures.
, Prior to the hearing before the Board of Elections petitioners obtained from this court an order to show cause why their nominating petition should not be validated and declared legally effective and providing for service of a copy thereof on the Board of Elections and on the objector.
On the return date of this motion, the objector appeared specially and challenged the jurisdiction of this court and moved to dismiss this proceeding urging two grounds: first, that this court is precluded from exercising jurisdiction for the reason that the rival candidates were necessary parties and were not named in this proceeding; and second, that the petition for the order to show cause was fatally defective inasmuch as it was verified by only one of the two allegedly aggrieved petitioners.
Petitioners have fully complied with the directions in the order to show cause by serving the objector and the Board of Elections, the person and party named in the order to show cause and directed to be served.
Section 335 of the Election Law provides that a judicial proceeding, under the Election Law, shall be heard upon a verified petition and upon such notice to such persons or committees as the court shall direct. I find that, in the situation disclosed, the naming of and service upon the objector and the Board of Elections was sufficient to give this court jurisdiction in this proceeding and the first objection is overruled.
*929 The cases cited by respondent, to sustain his first objection, apply only to motions to invalidate. In such judicial proceedings, service on candidates sought to be stricken from the ballot is mandatory. In the motion to validate, however, as is the instant motion, the candidate has already been eliminated by the Board of Elections.
In similar proceedings, seeking the validation of designating petitions, the objector has been held to be actually the real party in interest and materially affected by any ruling which may be made by the court. Service upon such objector has been held, consistently and without exception, sufficient to give this court jurisdiction in validation proceedings (Matter of Swan, 179 Misc. 69, affd. 262 App. Div. 956, affd. 286 N. Y. 678; Matter of Radigan, 275 App. Div. 1000; Matter of Brennan, 73 N. Y. S. 2d 317; Matter of Devine, 73 N. Y. S. 2d 317; Matter of Carnival, N. Y. L. J., July 16, 1947, p. 93, col. 1; Matter of Picariello, N. Y. L. J., Aug. 9, 1951, p. 227, col. 3; Matter of Greene, N. Y. L. J., July 16, 1947, p. 97, col. 1). Despondent Costello urges that a different rule should obtain with respect to nominating petitions. The court’s attention, however, has not been drawn to any statute or decision which requires, in an application to validate a nominating petition, that rival candidates, who were not objectors, should be named and served as respondents.
Conformance with the established practice, which obtains in respect to designating petitions, would dictate that the court follow the same procedure in connection with nominating petitions.
There is no distinction in the Election Law between a designating and independent nominating petition, as respects the filing of objections and judicial proceedings (Election Law, §§ 145, 330, 335). No sound reason has been advanced why rival candidates, who were not objectors, should be named and served as necessary parties in a proceeding to validate. These rival candidates could have joined as objectors but choose not to do so. It may be assumed, from past experience, that the objector is, in fact, actually representing such rival candidates concerned in seeking to eliminate petitioners from the voting machine as candidates of the City Fusion body but for reasons of their own are loath to appear as objectors. Suffice it to say, that their interests have been best served and fully protected by this objector in the instant matter.
Furthermore, to consider these rival candidates as necessary parties, in a motion to validate, in the absence of objections on their part, would place a premium on disinterestedness and *930 inactivity, serve no useful or salutary purpose and tend unnecessarily and unjustifiably to incumber validation proceedings in election matters.
The second objection raised is also without merit and is likewise overruled.
The petition for the order to show cause was verified by petitioner Curry who, undoubtedly, is acquainted with all the facts and may properly verify on behalf of both petitioners.
Curry and Maniscalco appear to be united in interest and may plead together, inasmuch as the rejected petition bears their names as candidates for the City Fusion body for public offices covering the identical territory in Richmond County and the same signatures stricken by the Board of Elections and sought by them to be reinstated, affect both petitioners. Under such circumstances, the failure of Maniscalco to verify is not fatal (Rules Civ. Prac., rule 99; Matter of Baker, N. Y. L. J., Aug. 24, 1943, p. 377, col. 3; Matter of Roman, N. Y. L. J., Sept. 6, 1951, p. 389, col. 7).
Accordingly, the special appearance is overruled and a hearing to dispose of this matter on the merits will be held at Special Term, Part II, of this court on October 22, 1957 at 2:00 p.m.