1014

■ ISIDORE TACHER, an Infant, by ARON TACHER, His Guardian ad Litem, et al., Respondents, v. ISIDORE KARASOFF, Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ JOSEPH TARANTINO, Plaintiff, v. ARTHUR E. BUCK et al., Defendants and INTERNATIONAL TERMINAL OPERATING CO., INC., Defendant and Third-Party Plaintiff-Respondent. ISTHMIAN LINES, INC., Third-Party Defendant-Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ JOHN WEIL PLUMBING CORP., Respondent, v. 200 EAST END AVENUE CORP., Appellant.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of the Special Term properly made? Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ JOHN WEIL PLUMBING CORP., Respondent, v. CROSS PROPERTIES, INC., et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of the Special Term properly made? Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ JOSEF WEINDL, INC., Appellant, v. HARRY BRAVERMAN, Respondent. — Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ WEST VIEW HILLS, INC., Respondent, v. LIZAU REALTY CORP. et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of the Special Term dated December 13, 1957 properly made? Appellants' time to answer is extended until 10 days after entry of the order determining the appeal in the Court of Appeals. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ YONKERS RACEWAY, INC., Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants.— Motion for leave to appeal to the Court of Appeals granted. The following question is certified: Was the order of the Special Term properly made? Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ In the Matter of FRED S. SUTHERGREEN, Appellant, against WALTER W. WESTALL et al., Constituting the Board of Elections of the County of Westchester, et al., Respondents.— Order granting motion to dismiss proceeding unanimously affirmed, without costs. Assuming, *arguendo*, that the failure to join respondent Esser, the successful candidate, as a party was not fatal to the proceeding (Civ. Prac. Act, §§ 192, 193), the defect could not be cured after the time limited for the institution of the proceeding, namely, 10 days after the primary election in question (Election Law, § 330, subd. 2; cf. *Matter of Kram* v. *Cohen*, 293 N. Y. 746; *Matter of Swan* v. *Cohen*, 179 Misc. 69, affd. 262 App. Div. 956, affd. 286 N. Y. 678; *Matter of Gallagher* v. *Cohen*, 180 Misc. 1030; *Devine* v. *Cohen*, 73 N. Y. S. 2d 317; *Matter of Brennan*, 73 N. Y. S. 2d 317; *Matter of Kaplan* v. *Meisser*, 196 Misc. 6; *Yearwood* v. *Cohen*, 37 N. Y. S. 2d 577). Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.