Reid S. Moule, J.
This is an application by Allan B. Dyte, petitioner, for an order directing the members of the Board of Elections to place his name on the official primary ballot for Supervisor of the 24th Ward of the City of Buffalo.
On August 10, 1959, he filed in the office of the Board of Elections designating petitions for that office on which there were 297 signatures.
Subsequently, John T. Elfvin, an attorney, who has appeared specially in this proceeding, filed objections to the petitions. Thereafter, John T. Elfvin filed specifications in support of the objections.
The Board of Elections acting upon the objections, disallowed 49 signatures, leaving a total of 248. This is 2 short of the required minimum of 250 signatures.
Among the rulings of the board, there are two that petitioner complains of in this proceeding. They are failure to allow the signatures of Sister Mary Adelaide and Sister Mary Henrietta, 160 Bryant Street. Their signatures were disallowed on the grounds that the last names were not used. It is petitioner’s claim that the surnames were unnecessary. In view of the decision herein, the court does not pass on that question.
The last day for the filing of petitions was August 11, 1959. The members of the Board of Elections were served August 29, 1959, which was 18 days after the last day to file petitions.
*989 Section 330 of the Election Law vests the Supreme Court with jurisdiction in a controversy of this nature. However, it provides in subdivision 1: “ but a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions
The petitioner in these proceedings did not make the objector Elfvin a party nor was he served with the order to show cause and supporting papers.
Both the members of the Board of Elections and Elfvin have appeared specially. The board members take the position that the proceeding is a nullity, not having been started within 14 days of the last day to file petitions. Elfvin takes the same position and also maintains that he also was entitled, as an objector, to notice within the 14 days..
It has been repeatedly held that a special proceeding is instituted, just as an action is commenced, by service of process and not by its issuance (Civ. Prac. Act, § 113; Rules of Civ. Prac., rule 21; Matter of Tombini, 177 Misc. 148, affd. 262 App. Div. 956; Matter of Gallagher v. Cohen, 180 Misc. 1030; Matter of Kaplan v. Meisser, 196 Misc. 6; Matter of King v. Cohen, 293 N. Y. 435).
In Matter of Kaplan v. Meisser (supra), also mentioned in G-assman on “ Election Law — Decisions & Procedure ” (p. 411), a similar proceeding was dismissed. There the last day for filing designating petitions was August 2, 1949. The last day accordingly to institute a proceeding under the Election Law was August 16,1949. The service was effected August 17, 1949. The court dismissed the proceeding because of late notice.
Also, in Matter of Thompson v. Valentine (297 N. Y. 105) the court dismissed a similar proceeding because it was not started within the proper period.
It was even held in Matter of Hiltsley v. Donohue (193 Misc. 485) that the respondents by appearing generally could not confer jurisdiction on the court. The court took the position it had no jurisdiction over the subject matter.
Further, the courts have felt constrained to hold that the time prescribed by the statute for the commencement of a proceeding under section 330 of the Election Law, cannot be extended. (Petito v. Heffernan, 115 N. Y. S. 2d 118.)
Petitioner maintains that the board did not mail him notice as required by section 145 of the Election Law but sent a telegram instead. He testified that he is presently staying at his summer home and not at his residence in town; that he had made provision for forwarding his mail, and claims that if notice by mail had been sent instead of a wire, he would have *990 received it sooner, since the wire was not delivered at once but notice of an effort to do so was left at his residence in town.
However, the court has not been supplied with and can find no authority for petitioner’s position. Abrahams in his book “ The New York Election Law ” recognizes the possibility of notice of rejection of a candidate’s petitions so late that he may not be able to start a proceeding under section 330 of the Election Law within 14 days.
Under the heading “ Anticipatory Proceedings ”, he states (p. 308): “In many instances, little or no time is available for the orderly and timely institution of judicial proceedings. It is therefore recommended that an omnibus order be sought in order to protect and preserve the petitioner’s day in Court.”
On the question of whether the objector was entitled to notice, it was held in another proceeding to validate an independent nominating petition (Matter of Maniscalco v. Power, 8 Misc 2d 927, 929), where it was claimed the adverse candidate should have been a party to the proceeding, the court said: 1 ‘ the objector has been held to be actually the real party in interest and materially affected by any ruling which may be made by the court.” In the same case, on appeal (4 A D 2d 479, 480), the appellate court held that the objector who filed objections to the nominating petitions was the “ true adverse party.” This was affirmed in the Court of Appeals (3 N Y 2d 918).
Also, to the effect that the objector was entitled to notice within the required period, see Matter of Kram v. Cohen (50 N. Y. S. 2d 322, affd. 268 App. Div. 833, affd. 293 N. Y. 746).
In Matter of Swan v. Cohen (286 N. Y. 678) the court dismissed the petition on the ground the citizen objectors who were necessary parties were not named or served.
Consequently, the court must hold that since service was not made on the members of the Board of Elections within the time required by subdivision 1 of section 330 of the Election Law, and also, since service was not made on the objector within that time, that it is without jurisdiction to pass on the merits of this proceeding. Either failure to comply with the Election Law is fatal to this proceeding.
An order may be entered accordingly, without costs.