OPINION OF THE COURT
Anthony J. Ferraro, J.
In a special proceeding brought under the Election Law, petitioner seeks judgment directing respondents to canvass the votes cast on Row E, Column 12, on the voting machine for Election District 4, Town of North Salem, at the general election held on November 3, 1987, and to add said votes to those cast on Row F, Column 12, on the voting machines for *850 Districts 1, 2 and 3, Town of North Salem, at said general election.
The facts are not disputed.
On November 3, 1987, there was a general election in the Town of North Salem for two councilmanic seats. Petitioner Ginenthal’s name appeared on the official ballot as a Democratic candidate for that office at Row A, Column 12, and as a Vigilant-Independent Party candidate at Row F, Column 12. In Election Districts 1, 2 and 3, the voting machines comported with the official ballot. In the fourth Election District the card for Row F was inadvertently placed on Row E of the voting machine. In Election District 4, votes were therefore cast for petitioner at Row E, Column 12, notwithstanding that at that position on the voting machine it read "12F”.
The Board of Elections will not count those votes cast for petitioner at Row E, Column 12, in Election District 4, since Row E was not an officially designated line on the ballot.
The court’s determination of this matter is governed by a simple proposition and grounded on a basic principle. "The right of suffrage is one of the most valuable and sacred rights which the Constitution has conferred upon the citizen of the state.” (People ex rel Stapleton v Bell, 119 NY 175, 178.) It shall be given the highest respect, especially by our courts, and shall not be compromised, or allowed to be diminished. It follows, therefore, that courts are without power to disenfranchise a single voter (Matter of Creedon, 264 NY 40, 43), as well they should be, and where "voters did everything required of them by law and the ballots were cast by them in conformity with the law, any dereliction of duty on the part of election officials or any irregularity in issuing, voting, counting or canvassing the ballots by any of the election officials does not render them 'void’ ”. (Matter of Mullen v Heffernan, 193 Misc 334, 338-339, affd 274 App Div 972, affd 298 NY 785.) As stated by the Court of Appeals, "[w]e can conceive of no principle which permits the disenfranchisement of innocent voters for the mistake or even the wilful misconduct of election officers in performing the duty cast upon them.” (People ex rel Hirsh v Wood, 148 NY 142, 146-147.)
At bar, the election officials are guilty of nothing more than a mistake — a mere inadvertence. They placed the card for Line F on Line E. Consequently, in Election District 4, those who voted for petitioner by pulling the lever marked 12F were in fact registering blank votes at 12E. These votes, which were *851 indisputably cast for petitioner, must not be voided by reason of a mechanical defect in the voting machine that did not allow them to be correctly registered. (Matter of Creedon, 264 NY 40, 43, supra.) In these circumstances, it becomes the duty of the court to adjudicate a result consonant with the will of the electorate. (Matter of Petit, 246 App Div 895.) The result must be that the votes cast in Election District 4, Town of North Salem, at Line E, Column 12, be counted as cast for petitioner as a Vigilant-Independent Party candidate for the office of Town Councilman.
As under section 330 of the former Election Law of 1949, subdivision (2) of section 16-106 of the Election Law authorizes the summary relief requested in this proceeding (see, Matter of Petit, supra). Petitioner need not have commenced a plenary action in quo warranto (Executive Law § 63-b). No questions of fact require determination (cf., Matter of Mullen v Heffernan, 193 Misc 334, affd 274 App Div 972, affd 298 NY 785, supra; cf. also, LaPolla v DeSalvatore, 112 AD2d 6). Moreover, a proceeding such as this to summarily correct obvious errors in the canvass is specifically authorized by statute. (Election Law § 16-106 [2]; Election Law of 1949 § 330 [5] [L 1949, ch 100]; see, Matter of Rice v Power, 27 AD2d 381, affd 19 NY2d 474; Matter of Reich v Bosco, 21 Misc 2d 973; affd 9 AD2d 919.)
The instant proceeding was commenced against respondent Board on November 23, 1987. Respondent Moore intervened, by leave of court, on November 25, 1987. All necessary parties, therefore, were before the court before the expiration of 30 days from the date of the election. (See, Matter of Suthergreen v Westall, 6 AD2d 1014; cf., Matter of Ullman v Power, 17 AD2d 792, affd 12 NY2d 724.) Thus, the proceeding is timely. (Election Law § 16-106 [5].)
Finally, respondent Moore raises an issue of waiver, viz., that petitioner not having availed himself of the opportunity to inspect the voting machine in Election District 4, he cannot now seek to have counted certain votes unequivocally cast for him on that machine. By not inspecting the machines, however, petitioner, at most, only waived the right to complain about any irregularities with regard to the machine. Such is not his complaint herein. Petitioner accepts the machine as set up for Election District 4 and simply requests that the votes registered by that machine be counted as cast. If any waiver exists in this case, it is chargeable to respondent Moore, whose failure to inspect the machine and object to any irregularity renders the irregularity waived. Thus, respondent *852 Moore cannot now be heard to object to the counting of votes as cast on the defective machine (see, Matter of Ginsberg v Heffernan, 186 Misc 1029) — the very relief sought by petitioner.
Wherefore, the court finds in favor of petitioner, and petition is granted.