OPINION OF THE COURT
Orazio R. Bellantoni, J.
Petitioners move for an order, pursuant to CPLR article 78, i.e., CPLR 7803 (1), invalidating and declaring null and void the general election held on November 4, 1997 in the Town of Harrison, Westchester County, for the public offices of Town Clerk and Town Councilman and directing the respondent Board of Elections of the County of Westchester to conduct a new general election in the Town of Harrison for the public offices of Town Councilman and Town Clerk and directing the *637 Westchester County Sheriffs Office to oversee all aspects of the voting process for such new general election and enjoining respondent public officers elect from taking the oath of office for the aforementioned public offices on January 1, 1998 or thereafter.
It is hereby ordered that the motion is denied and the petition is dismissed without costs.
The instant article 78 proceeding arises out of the general election held in the Town of Harrison, New York, on November 4, 1997. It is undisputed that: (1) a voting machine bearing serial number 125483 recorded 92 more votes for the Town Supervisor’s race than it had recorded voters entering the voting booth; and (2) a voting machine bearing serial number 135735 had recorded 107 more votes for the Town Supervisor’s race than it had recorded voters entering the voting booth. Based upon these undisputed facts alone, petitioners contend that this court as a matter of law must invalidate the general election for the public offices of Town Clerk and Town Councilman and direct the Board of Elections to conduct a new general election for such offices. The court notes that neither petitioners nor respondents contest the result in the Town Supervisor race—the only race where so-called “spurious” votes were recorded. The court is not even being asked to set aside the Town Supervisor’s race where the irregularity did occur, but rather the Town Clerk and Town Councilman races where there were no irregularities. The court further notes that upon argument of the instant motion petitioners and respondents stipulated that there were no factual questions and the only issue before the court was one of law, i.e., whether the “spurious” votes in the Town Supervisor race invalidated the election for Town Councilman and Town Clerk. This court is of the opinion that where, as here, allegations of electoral fraud are made the matter must involve questions of fact. However, because of the stipulation of the parties the court will answer the question of law submitted to it. It is well settled that “[i]n an election case, a proceeding pursuant to CPLR article 78 is the proper vehicle when there is no disputed fact question”. (Matter of Filiberto v Roosevelt Fire Dist., 75 AD2d 572, 573, citing Matter of Mapes v Swezey, 278 App Div 959; see also, Morris v Cahill, 96 AD2d 88, 90-91, citing Matter of Dykeman v Symonds, 54 AD2d 159; Matter of Cullum v O’Mara, 43 AD2d 140, affd 33 NY2d 357; Matter of Brescia v Mugridge, 52 Misc 2d 859, affd 29 AD2d 632.)
It is uncontroverted that, as to the machines in question, the total votes cast for all candidates for Town Clerk and Town *638 Councilman, in their respective races, did not exceed the total votes expected based upon the recorded number of voters. Thus, there is no evidence of “spurious votes” in the races for Town Clerk and Town Councilman. Nevertheless, despite a lack of any proof of “spurious votes” with respect to the election for Town Clerk and Town Councilman, petitioners assert that, as a matter of law, the existence of “spurious” votes in the Town Supervisor’s race necessitates the invalidation of the election for Town Clerk and Town Councilman. Petitioners have failed to provide a single case or statute to support its claim that the mere existence of “spurious” votes in one race must, as a matter of law, invalidate the election in other races. Further, the court in conducting its own research was unable to find a case or statute that supports petitioners’ legal position. Courts are reluctant to set aside a general election. As stated in Matter of Ginenthal v D’Apice (137 Misc 2d 849, 850), “ ‘The right of suffrage is one of the most valuable and sacred rights which the Constitution has conferred upon the citizen of the state.’ (People ex rel. Stapleton v Bell, 119 NY 175, 178.) It shall be given the highest respect, especially by our courts, and shall not be compromised, or allowed to be diminished. It follows, therefore, that courts are without power to disenfranchise a single voter (Matter of Creedon, 264 NY 40, 43), as well they should be, and where ‘voters did everything required of them by law and the ballots were cast by them in conformity with the law * * * any irregularity * * * does not render them “void” ’. (Matter of Mullen v Heffernan, 193 Misc 334, 338-339, affd 274 App Div 972, affd 298 NY 785.)” Accordingly, in answering the question of law presented, this court holds that the mere existence of an irregularity in the Town Supervisor race is insufficient, as a matter of law, to invalidate the general election for the offices of Town Clerk and Town Councilman.