Vincent A. Lupiano, J.
This is an article 78 proceeding instituted by the Republican candidate for the office of Member of Assembly, First Assembly District of New York County, to direct the Board of Elections, pursuant to section 274 of the Election Law, to conduct a complete recanvass of the votes cast in the First Assembly District, New York County, in the primary election held on September 6, 1962, for the nomination by the Liberal party of its candidate for the office of Member of Assembly; or alternatively, to direct said Board of Elections, pursuant to the provisions of subdivision 4 of section 330 of the Election Law, to make a limited recanvass of the protested, wholly blank or void ballots shown upon the statement of the canvass of the votes cast in the aforesaid election.
In said primary election, William F. Passannante and Edward I. Koch contended for both the Democratic and Liberal party nominations for Member of Assembly. Voting machines were used in the Democratic and Republican primary contests for Member of Assembly. In the Liberal party contest between Passannante and Koch, paper ballots were used. Passannante’s name appeared on the paper ballot; Koch was a write-in candidate. In the Democratic party primary contest, Passannante was the undisputed victor. In the Liberal party primary contest, Passannante appears the winner by at least four votes.
Petitioner contends that not counted for Koch were eight ‘1 protested ’ ’ ballots. In affidavits attached, submitted with respect thereto, allegations are made that four ballots for Koch were marked ‘ protested ’ ’ because they did not have the correct name of Edward I. Koch, but a variation thereof. In addition, an allegation is made, without proof, that in the 70th Election District, one vote was recorded for Passannante although not cast as an official ballot but rather as a sample ballot. A further affidavit of a Republican watcher is submitted, stating that a “ protested ” ballot for Koch was placed in the ballot box.
The application herein, by way of order to show cause, signed on September 24,1962, was originally directed against the members of the Board of Elections of the City of New York, returnable on September 26, 1962. On that day an order was signed making Passannante and Koch additional parties respondents to the proceeding pursuant to section 193 of the Civil Practice Act and directing that the service of the copy of said order, the order to show cause, petition and affidavits heretofore served upon the members of the Board of Elections be personally made *1017 on Passannante and Koch on September 26, 1962; the order adjourned the proceeding to September 27, 1962. Koch was personally served on September 26, 1962, appeared and has stated in this court that he does not contest the Liberal party results. The said order shows an amendment thereto by the court, dated September 27, 1962, directing that if personal service upon Passannante cannot be made prior to 4:00 p.m. September 27,1962, service may be made upon him by substituted service and by certified mail addressed to him at his residence.
Affidavits of service show that the order to show cause and petition and order of September 26, 1962, were served on Passannante on September 27, 1962, at his residence by affixing true copies thereof to the outer door of Passannante’s residence and by certified mail addressed to him at his residence.
Passannante appears specially herein and shows that the papers served by mail do not contain a copy of the order to show cause; that the copy served by substituted service does contain such copy but fails to contain the conformation of the Justice’s signature thereof and the date of signing. Moreover, there were no conformed signatures contained on the petitions annexed to both copies served on Passannante. In addition, both copies show the absence of a notary, and the affidavits annexed to the petition are similarly without signature, date or notarization.
Passannante further contends that the papers were not timely served and the court has no jurisdiction of the proceeding. This latter contention presents a serious problem.
It is clear that Passannante, whom petitioner seeks to remove as the Liberal party candidate for Member of Assembly, is a necessary party to the proceeding upon whom the papers herein must be served (Matter of Murphy, 82 N. Y. S. 2d 239; Matter of Mucciolo, 37 N. Y. S. 2d 575; Matter of Yearwood v. Cohen, 37 N. Y. S. 2d 577; see, also, Matter of Swan v. Cohen, 179 Misc. 69, affd. 286 N. Y. 678).
Under subdivision 4 of section 330 of the Election Law one of the two sections relied on by petitioner herein, the proceeding must be instituted within 20 days of the election. In accordance therewith, the last day to make service was September 26, 1962. Only by due service of the papers is a proceeding instituted and not by its mere issuance (Matter of Tombini, 177 Misc. 148, affd. 262 App. Div. 956).
Service of the papers herein on September 27, 1962, after the expiration of the period of limitation fixed by law is not timely service (Matter of King v. Cohen, 293 N. Y. 435; Matter of Constantino, 286 N. Y. 681; Matter of Yearwood v. Cohen, supra; see, also, Matter of Suthergreen v. Westall, 6 A D 2d 1014).
*1018 The fact that the order provided for a certain manner of service after the expiration of the period limitation fixed by law does not make such service proper if otherwise illegal or insufficient as a matter of law (Matter of Lawler v. Power, 13 Misc 2d 344).
It is clear, therefore, that relief under subdivision 4 of section 330 of the Election Law is not available because of the failure to make timely service, which is a fatal jurisdictional defect.
Nor can it be said that petitioner is entitled to have a recanvass of all the votes cast in the First Assembly District for the Liberal party nomination for Member of Assembly. The authority which petitioner urges, section 274 of the Election Law, deals with elections conducted by the use of voting machines. ‘1 As originally enacted by chapter 643 of the Laws of 1939, the section provided for an automatic recanvass of the vote shown by the voting machines, upon an examination of the machines by the Board of Elections. The 1942 amendment extended the automatic recanvass to include the absentee ballots ’ ’ (Matter of O’Shaughnessy, 15 A D 2d 183,185).
The power to direct a recanvass of the votes cast herein would appear to be under subdivision 2 of section 330 of the Election Law (Matter of Holley [Rittenberg], 268 N. Y. 484). However, such a proceeding thereunder is required by that subsection to be instituted within 10 days of the primary election.
Accordingly, the application is denied and the petition is dismissed.