Jack Stanislaw, J.
Petitioners apply to compel the respondents Weiss and McNab, the members of the Board of Elections, to add petitioners’ names to the ballot for the November 2, 1965 election as candidates of the Liberal party.
Two separate Liberal party certificates of nomination were filed with the board. They are essentially identical as to nominees except that one contains four more than the other. There are thus two separate proceedings now before the court.
*2 The Commissioners of Election disagree as to the action taken on these two certificates. The minutes of the meeting indicate that Weiss moved to validate the shorter certificate and invalidate the longer one. McNab did not second the motion, and states his present belief that they were both thus disapproved. Notices of disapproval were sent to all concerned, but Weiss argues this was done without his authorization. He felt there had not been a rejection of either petition.
Petitioners seek an order of mandamus (CPLB, art. 78), to have the names which appear on one (either one) of these certificates printed on the ballot for November 2, 1965. They concede that if this proceeding were brought pursuant to section 330 of the Election Law it would be untimely. The court can issue an order of mandamus to compel a ministerial act of the Commissioners of Election, despite the limitations of section 330 of the Election Law (Matter of Mansfield v. Epstein, 5 N Y 2d 70).
Although these certificates are each presumptively valid (Election Law, § 103), both cannot be simultaneously effective. Apparently, true validity would be based upon the rules of the Liberal party. Yet it seems that the ballot will contain none of the names on these certificates. The candidates involved have been notified by the board to that effect. Therefore, the respondents are not really amenable to an order of mandamus. The act to be performed by them is not simply ministerial. The choice presented by the existence of the two certificates requires the elimination of one and acceptance of the other. This calls for an exercise of judgment and discretion, making the act to be performed by respondents a judicial one (Matter of Wicksel v. Cohen, 262 N. Y. 446). In the absence of a ministerial duty to be directed the proceeding for mandamus does not lie.
The court thus finds petitioners too late to proceed under section 330 of the Election Law, and without a basis for relief pursuant to CPLB (art. 78). The petitions are dismissed.