Richard D. Simons, J.
This article 78 CPLR proceeding seeks an order of mandamus compelling the Board of Elections of Onondaga County to invalidate the designating petitions of Norman Balabanian and Faith Seidenberg as Liberal party candidates for the offices of Members of Congress and ¡Surrogate, respectively, from Onondaga County at the primary election to be held June 28,1966.
The petitioner is the Chairman of the Onondaga County Democratic Committee. He instituted this proceeding by order to show cause signed on June 9, 1966 which was served on both candidates and the Board of Elections on the same day. No objections or specifications were filed with the Board of Elections.
*653 All respondents appear specially and contest the jurisdiction of the court to entertain this proceeding.
It is the contention of the respondents that absent a proceeding instituted pursuant to section 330 of the Election Law, the court does not have jurisdiction to rule on the validity of the designating petitions. Matter of Mansfield v. Epstein (5 N Y 2d 70) specifically held that an article 78 CPLR proceeding would lie to review ministerial acts of the Board of Elections and that the sufficiency of the signatures on a designating petition is such a ministerial act.
Further, respondents challenge the timeliness of the proceeding and the validity of the service. Service was made only on the candidates and the Board of Elections and not on the committee to fill vacancies. The committee members are not necessary parties to the proceeding. (Matter of Manz v. Granger, 17 A D 2d 719; Matter of Kowal v. Dmochowski, 14 A D 2d 665, affd. 10 N Y 2d 794.)
Under the Election Law, a proceeding to challenge the adequacy of petitions must be instituted by June 8,1966. (Election Law, § 314, subd. 12; L. 1966, ch. 106, § 18, eff. March 31, 1966.) This amendment applies to and repeals pro tanto section 330 of the Election Law. Proceedings are instituted when all parties have been served. (Matter of Tombini, 177 Misc. 148, affd. 262 App. Div. 956.)
Thus, it appears service on all defendants was not completed until June 9, 1966, subsequent to the statutory deadline. It is beyond the power of the court to extend that deadline or waive its requirements. (Matter of Ullman v. Power, 36 Misc 2d 1015, affd. 17 A D 2d 792, affd. 12 N Y 2d 724.) The defect is jurisdictional.
There are conflicting decisions as to whether or not the time limitation found in section 330 of the Election Law applies to article 78 proceedings attacking the designating petitions. Matter of Sanyshyn v. Commissioners of Elections (36 Misc 2d 389) and Matter of Koffler v. Weiss (48 Misc 2d 1, affd. 24 A D 2d 842) have held that it does not. On the other hand, Matter of Petito v. Heffernan (115 N. Y. 8. 2d 118, affd. 280 App. Div. 883) has held that it does. Matter of Mansfield v. Epstein (supra), relied upon by all the parties to support their contention, did not decide the question.
The need for prompt and expeditious determination of election disputes is the same regardless of the form that the petition to the court takes. The statute under which the proceeding is brought should not expand or diminish the period of time within which the case must be heard and decided. The proceeding *654 having.been instituted subsequent to June 8, 1966 is not timely. (CPLR 217; Matter of Ullman v. Power, supra.)
In view of the foregoing, it is not necessary to consider respondent’s other objections.
Application denied and petition dismissed.