## (June 20, 1966)

■ In the Matter of JAMES H. HAYES, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, et al., Appellants.— MEMORANDUM BY THE COURT. Special Term did not have jurisdiction inasmuch as service on the parties other than the Secretary of State was attempted to be made by mailing copies of the order to show cause and supporting papers on or before 11:00 P.M. on June 8, 1966, the last day for service (Election Law § 314, subd. 12, as amd. by L. 1966, ch. 106, eff. March 31, 1966). To effect proper service, it was necessary that the papers be received on June 8th (*Matter of King* v. *Cohen*, 293 N. Y. 435; *Matter of Ullman Power*, 36 Misc 2d 1015, affd. 17 A D 2d 792, affd. 12 N Y 2d 724). The proof of mailing does raise the presumption that the mail was received, as Special Term held; but there is no presumption that it was received on a particular date, in this case June 8. With this hiatus in the proof, petitioner Hayes did not submit, at Special Term or in this court, any return receipt evidencing delivery on June 8th. Special Term took no proof and the grounds of invalidity of the designating petition which it found, assuming *arguendo* that they were properly before it (but cf. Election Law, § 145), cannot be sustained. Petitioner Hayes' objection to the court's consideration of an affidavit and Zip Code Directory sustained. Order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.