■    In the Matter of JAMES LLOYD, Appellant, v. KENNETH T. POWER et al., Constituting the Board of Elections of the County of Monroe, Respondents.— Order unanimously reversed on the law and facts, without costs, and designating petition validated in accordance with the following memorandum: Petitioner-appellant filed 131 petition sheets containing 769 signatures, as a candidate for the office of District Councilman of the City of Rochester. Only 500 valid signatures were needed. Three persons objected (Objectors) on the grounds that the petition was "not consecutively numbered as required by the Election Law section 135 (1) and the petitions did not contain the date of the primary election". The Board of Elections held the objections to be valid. Appellant then commenced a proceeding to have his name placed on the ballot, pursuant to section 335 of the Election Law. Special Term properly found that the grounds for objection were "trivial and inconsequential" but held that the failure to serve the Objectors within the statutory time period was ground for dismissal of the petition. With this latter finding we disagree. At the Special Term hearing Objectors were physically present in the courtroom and were represented by counsel who participated fully in the proceedings, but the Objectors claimed that they only "appeared specially". Special Term adopted the argument of the Objectors that they were "necessary parties" and, therefore, dismissed the petition. Under the provisions of CPLR 1001–1004 there are no longer "necessary parties" but only parties who "ought" to be joined. The Objectors could have asked to intervene at the hearing under CPLR 401 and the court could have *sua sponte* joined them as parties. Special Term incorrectly equated the Statute of Limitations with jurisdiction, which deals with the power of the court and in the matter before us is governed by CPLR 301. Upon the argument of this appeal Objectors' attorney, with laudable candor, asserted that if a new hearing were had, his grounds for objection would be the two 'grounds which Special Term found "inconsequential". Thus, even if there were time to join the Objectors and order a new hearing, the result would necessarily be a finding of substantial compliance with the statute and a holding that the petition is valid. (See *Matter of Clarkin* v. *Power,* 26 Misc 2d 58, affd. 10 A D 2d 988, affd. 8 N Y 2d 876.) Appellant counted the pages and put the total on the cover sheet in the presence of an official of the Board of Elections and left the petitions with said official. The failure to affix the date of the primary election was equally of no consequence. Special Term specifically and properly held that in these matters there was constructive and substantial compliance with the statutory requirements. There is not the slightest suggestion of fraud in this matter. The liberal construction required by CPLR 104, equity and fairness mandate that the electorate be given the fullest opportunity to choose councilmen. "The People's will should not be fettered by technicalities requiring precise compliance" (*Matter of Rosen* v. *McNab,* 25 N Y 2d 798, 799). The order should be reversed and the Board of Elections directed to place the name of appellant James Lloyd on the ballot for the September 14, 1971 Democratic Primary Election for the office of Councilman, South District of the City of Rochester. (Appeal from order of Monroe Special Term, dismissing petition to validate designating petition.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Cardamone, JJ. (Order entered Sept. 9, 1971.)