Marshall, E. Livingston,- J.
This is an article 78 proceeding to invalidate and declare null and void the petition heretofore filed in behalf of respondent Baust purporting to designate him as a candidate for supervisor of the Town of Sparta, Livingston County, State of New York, by the Independent Citizens Party and to restrain John P. Lomenzo, as Secretary of State of the State of New York, and William J. Flynn and Gordon J. Alger, as election commissioners of said county, from printing and placing upon the voting machines to be voted in the general election to be held November 6,1973, the name of the respondent John G. Baust as a candidate for supervisor of the Town of Sparta.
Upon the argument of the motion, all counsel conceded that John P. Lomenzo, as Secretary of State of the State of New York, was not a proper party. This is an election for a Town Supervisor in Livingston County, and counsel agreed that nominations for such office need not be filed with the Secretary of State. The name of John P. Lomenzo was accordingly deleted from the proceeding by the court.
It appears that the petition attached to the order to show cause was executed and verified on September 12,1973, and the order to show cause directed the petition to be served on the respondents by mail on the same day. Such service, if made, was, said the order, to be “ deemed due, timely and sufficient
The service was made, the proceeding was initiated, but it was not due, timely and sufficient, and in law was a nullity, and this proceeding must in its entirety be, dismissed.
Sections 149-a and 330 of the Election Law govern the procedure here. Section 149-'a sets forth the political calendar for 1973 and is contained in chapter 26 of the Laws of 1973 (Election Law, art. 6-A), effective March 6, 1973. Subdivision 14 of section 149-a thereof provides as follows: u A petition for an independent nomination for an office to be filled at the general election, and a certificate of a party nomination for a candidate for election to a town or village office to be filled at the general election and which nomination was made at a town or village caucus or by a party committee, as prescribed by the rules of its party under the provisions of section one hundred thirty-one, *516 subdivision five of this chapter, shall be filed'not earlier than August twenty-first and not later than August twenty-third preceding such election; provided, however, that im 'any village of the first class wherein party nominations for ^elective village offices are required to be made at a village, primary election, a petition for an independent elective office shall be filed not later than twenty-one days preceding the election at which the office is to be filled.” (Emphasis supplied.)
Pursuant to this provision, the petition alleges in paragraph (3): “ That on or about the 22nd day of August, 1973, respondent, John Gf. Baust, filed petitions with the Livingston County Board of Elections, requesting that his name be placed on the Ballot as a Candidate for Supervisor of the Town of Sparta, County of Livingston and State of New York, under the Independent Citizens Party Label.”
The copy of the designating petition in question handed to the court on argument shows a filing stamp dated August 22, 1973, Livingston County Board of Elections. Thus thp filing of the designating petition was timely, pursuant to subdivision 14 of section 149-a of the Election Law.
The petitioner in turn timely filed written objections to the designating petition on August 27, 1973, and specifications setting forth the grounds of the objections on August 29, 1973.
As above noted, this proceeding was initiated September 12, 1973, but the date it was instituted does not appear. Assuming, however, the mail was delivered the next day, the date of institution would have been September 13, 1973.
Chapter 26 of the Laws of 1973 also amended subdivision 1 of section 330 of the Election Law, effective March 6, 1973, as follows: 11 The designation of any candidate or independent nomination, or the holding of an otherwise uncontested primary election under section one hundred forty-eight, in a proceeding instituted by any candidate aggrieved or by a person who shall have filed objections pursuant to section one hundred forty-five, but a proceeding under this subdivision must be instituted within twenty-one fourteen days after the last day to file petitions; except that if such proceeding is in connection with an independent nomination for a special, election, it must be instituted within seven days after the last day to file the petition for such independent nomination.” (Changes or additions in text are indicated by italics — deletions by strikeouts.)
In other words, prior to March 6, 1973, the time within which to institute this proceeding was 21 days; after March 6, 1973, it was 14 days.
*517 Thus the deadline to have instituted this proceeding was September 7, 1973, and it, therefore, must be dismissed (see Matter of Novak v. Nash, 31 N Y 2d 710, affg. 40 A D 2d 728; Matter of Van Lengen v. Balabanian, 50 Misc 2d 652, affd. 26 A D 2d 622, affd. 17 N Y 2d 920; see, also, Matter of Squitieri v. Power, 25 N Y 2d 801; Matter of Burton v. Coveney, 32 N Y 2d 842).
Although I do not reach objection number 5 of the petition’s specifications for the reasons above, nevertheless, I note in Matter of Mansfield v. Epstein (5 N Y 2d 70, 72) that the attorneys for intervenors-respondents urged in the Court of Appeals that ‘ ‘ The statutory requirement is mandatory that the election district, ward, city or town in which the signers of an independent petition registered in the last preceding election must be stated in the petition ’ ’. However, in that case, as here, the court apparently never reached this argument.
It should be noted that the question raised by objection number 5 relating to the fact that the signatories did not designate the residence from which they registered in the last election as required by subdivision 2 of section 138 of the Election Law has received attention by the Court of Appeals (see Matter of Cross v. Hecht, 25 N Y 2d 960; Matter of Schnell v. Donohue, 33 A D 2d 578).