Chief Judge Breitel.
This is a proceeding under section 330 of the Election Law brought by petitioner to compel validation of his designating petition. Petitioner seeks to become a candidate in the Democratic primary for the office of Superintendent of Highways of the Town of North Salem, Westchester County. Special Term dismissed the petition and the Appellate Division affirmed. Petitioner appeals.
The issue is whether the voter objector was a necessary party to the proceeding. Despite adequate and timely notice to the petitioner of the identity of an objector who had been successful at the Board of Elections in invalidating the designating petition, the objector was never served.
There should be an affirmance. A proceeding under section 330 is not properly instituted when a petitioner who has adequate and timely notice of the identity of an objector fails to serve the objector within the prescribed 14-day period. An objector to a candidate’s. designating petition is an indispensable party to the proceedings. The petition was, therefore, properly dismissed.
Petitioner had adequate and timely notice of the identity of the objector. Indeed, in his affidavit supporting the order to show cause, filed within the 14-day period, petitioner challenged the sufficiency of the objector’s objections. Nevertheless, petitioner chose to serve only the Board of Elections.
On the return day of the order to show cause, the unserved objector appeared specially through counsel. At this late date the court offered to join the objector as a party to the proceedings; objector’s counsel declined.
An objector of whom the candidate has notice is a necessary party to subsequent judicial proceedings brought by the candidate to validate his stricken designating petition (e.g., Matter of Swan v Cohen, 179 Misc 69, affd 262 App Div 956, affd 286 NY 678; 2 Gassman, Election Law [2d ed], § 121 and cases cited). The rule has not been changed by the holding in *499 Matter of Lamula v Power (13 NY2d 873). In that case the court reversed a decision by the Appellate Division which, under constraint, dismissed a petition by a candidate (19 AD2d 780). In the Lamula case, a hypertechnicality of nonservice of one of two objectors was involved. Through a series of delays the Board of Elections did not make an initial determination on the candidate’s petition until the day after the 14-day period had run. The candidate had, however, instituted an anticipatory section 330 proceeding before the board’s determination. In so doing the candidate mistakenly served members of his opponent’s Committee to Fill Vacancies, only subsequently to learn that, although a served member of that committee was an actual objector, there was another objector who was not a committee member. A lawyer for both objectors in the proceeding before the board attempted to enter a "special appearance” at Special Term and in fact did not participate in the proceedings on the merits. Given the exigencies of the circumstances, and the fact that both the served and nonserved objectors had been represented by the same counsel in the proceedings before the board, the court concluded that "under all the circumstances, thé objectors were properly before the court” (Matter of Lamula v Power, supra, at p 874).
Matter of Lloyd v Power (37 AD2d 792), relied on by appellants, involved even a simpler resolution, because there the nonserved objectors actively participated in the proceedings on the merits, thus in classic fashion waiving their special appearance (compare CPLR 320, subd c, par 1, which permits a litigant to appear specially, yet contest the merits of an attachment).
It would be a dangerous policy which would permit the filers of stricken designating petitions to prosecute judicial proceedings to validate them without notice to the objector or joining him as a party to the proceedings. The objector is the active person who has brought about the administrative determination which is under attack. Boards of Elections may adopt a neutral stance or be limited in the arguments they address to the Special Term on questions involving ministerial supervision of petitions. They should not be relied on solely to carry the litigation burden. Such a policy would also offer rich opportunities for collusion. No valid reason comes to mind to justify ignoring the voter objector who is given by statute the right to file objections before the board (Election Law, § 145). *500 Moreover, the statute also entitles him to notice if his objections are sustained (§ 145). It could hardly be clearer than that the Legislature has conferred a status of concerned interest on the objector, even if only as a party member.
Matter of Pell v Coveney (37 NY2d 494), decided simultaneously with this case, in rationale conforms with the policy applied in this case and Matter of Lamula Power, (supra). In the Pell case, the absurdity would be created under a mechanical application of the statute (Election Law, § 330), that a proceeding would become untimely before the litigant had a "cause of action” created by adverse determinations of the Board of Elections. Thus, the Pell case preserves the right to a judicial hearing. In the instant case, if appellant’s position were sustained, an objector could be precluded from a judicial hearing because of failure to serve him with process, an unconscionable result. As the court holds today, it respects the right to judicial review in both kinds of cases.
Accordingly, the order of the Appellate Division should be affirmed, without costs.