registration had been omitted. In all these instances the address of the witness' residence within the City of Mount Vernon had been stated. In view of the fact that the entire City of Mount Vernon lies within the 88th Assembly District (as Special Term recognized), a fact of which this court also takes judicial notice, the failure to add the Assembly District to the place of residence has no substantial effect; nor may it be deemed deceptive or fraudulent. The necessary information required under section 135 of the Election Law has been supplied. *Matter of Rutter v Coveney* (38 NY2d 993) is inapposite on these facts. In *Matter of Rosen v McNab* (25 NY2d 798, 799) the court stated: "substantial compliance with the Election Law is sufficient. The People's will should not be fettered by technicalities requiring precise compliance." Gulotta, P. J., Damiani, Shapiro, Mollen and O'Connor, JJ., concur.

■ In the Matter of MIRIAM ROSEN et al., Respondents, v ISABEL DODD et al., Constituting the Board of Elections of the County of Nassau, Appellants, et al., Respondent.—In a proceeding, *inter alia,* to validate petitions designating petitioners as candidates in the Democratic Party primary election to be held on September 8, 1977 for the party positions of members of the county committee, the appeal is from a judgment of the Supreme Court, Nassau County, dated August 10, 1977, which granted the petition to the extent of declaring valid the petitions filed by petitioners as candidates for members of the Democratic County Committee. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Tomson at Special Term. Hopkins, J. P., Cohalan, Margett, Titone and Suozzi, JJ., concur.

■ In the Matter of CAROL A. SLATTERY, Appellant, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and WALLACE H. BOYLE, Respondent.—In a proceeding to invalidate petitions designating Wallace H. Boyle as a candidate in the Republican Party primary election to be held on September 8, 1977, for the public office of Council Member, Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 3, 1977, which dismissed the proceeding. Judgment affirmed, without costs or disbursements, on the memorandum decision of Mr. Justice McCarthy at Special Term. Gulotta, P. J., Damiani, Shapiro, Mollen and O'Connor, JJ., concur.

■ In the Matter of ROBERT A. STRANIERE, Respondent, v EUGENE A. CUTOLO et al., Appellants, and HERBERT J. FEUER et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding to invalidate a petition filed by appellants for an "opportunity to ballot without naming a candidate" in the Conservative Party primary election to be held on September 8, 1977 for the public office of Council Member, 1st Councilmanic District, Richmond County, in which proceeding appellants counterclaimed, *inter alia,* to validate their "opportunity to ballot" petition, the appeal is from a judgment of the Supreme Court, Richmond County, dated August 12, 1977, which granted petitioner's application to withdraw his petition. Judgment reversed, on the law, without costs or disbursements, applications to withdraw and invalidate denied, counterclaim to validate the "opportunity to ballot" petition granted, and the board of elections is directed to provide for an opportunity to ballot in the appropriate primary. The petitioner commenced a special proceeding pursuant to sections 330 and 335 of the Election Law to invalidate a petition filed by the appellants for an "opportunity to ballot without naming a candidate" for a certain public office in the Conservative Party primary election. The appellants filed a

verified answer containing a counterclaim to validate their petition. The answer was served on the petitioner and on the board of elections. Service was made within the time limited for the the commencement of a legal proceeding under the relevant sections of the Election Law. Thereafter, the board of elections rejected the appellants' petition on the ground that it had been filed late. The petitioner then made an application to withdraw his petition to invalidate, alleging that it was academic in view of the determination made by the board of elections. Special Term, in granting the petitioner's application to withdraw, found that the service of the appellants' answer containing the counterclaim was insufficient to institute a proceeding to validate their petition. We disagree. The timely service of the appellants' counterclaim upon all of the necessary parties was sufficient to substantially comply with the requirements of section 335 of the Election Law (cf. *Matter of Ambro v Coveney,* 20 NY2d 850). We note our agreement with Special Term that the filing of the appellants' petition one day late was excusable in light of the fact that the offices of the board of elections were closed on the last day for filing petitions as a result of the blackout of July 13, 1977. Hopkins, J. P., Cohalan, Margett, Titone and Suozzi, JJ., concur.