■    In the Matter of ANTHONY M. MIRANDA, Appellant, v ERIE COUNTY BOARD OF ELECTIONS et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Petitioner Miranda instituted a proceeding to prohibit the appearance of the name of Mark W. Hamberger on the Democratic Party's ballot and the name of Michael J. Flaherty on the Democratic, Republican, Conservative and Liberal Parties' ballots in the primary election for nomination to the office of Town Justice in the Town of Evans. Petitioner appeals from the dismissal of his show cause order seeking to direct the Erie County Board of Elections to prohibit the appearance of these names. Subdivision 1 of section 330 of the Election Law provides that "a proceeding under this subdivision must be instituted within fourteen days after the last day to file petitions". The candidate whose name is in issue is a necessary party to the proceeding, and he must be served individually within the 14-day period *(Matter of Pell v Coveney*, 37 NY2d 494, 496; *Matter of Ullman v Power*, 36 Misc 2d 1015, affd 17 AD2d 792, affd 12 NY2d 724). Failure to do so is a jurisdictional defect and may not be cured by the court *(Matter of Pell, supra; Matter of Loucky v Buchanan*, 49 AD2d 797; *Matter of Van Lengen v Balabanian*, 50 Misc 2d 652, affd 26 AD2d 622, affd 17 NY2d 920). Service upon the board of elections does not suffice *(Matter of Pell, supra; Matter of Ullman v Power, supra)*. The 14-day period for instituting a proceeding ended on July 21, 1977. Petitioner Miranda failed to serve candidates Hamberger and Flaherty within that period. The participation of their attorneys to contest jurisdiction did not constitute a waiver of the requirement that they be personally served. (See CPLR 3211, subd [e].) (Appeal from order of Erie Supreme Court—Election Law.) Present—Marsh, P. J., Simons, Dillon, Denman and Witmer, JJ. (Decided Aug. 24, 1977.)