OPINION OF THE COURT
Leonard A. Weiss, J.
These proceedings were commenced by an order granted by Honorable Aaron E. Klein, Justice of this court, on August 9, 1979 requiring respondent Ulster County Board of Elections and its individual members to show cause at Special Term, Albany County, August 10, 1979, why (1) designating petitions filed on behalf of four candidates for election to the Ulster County Legislature and other candidates for county offices should not be accepted by respondents,and (2) Ulster County Democratic Party voters should not be given an opportunity to ballot in the primary election. The matter was adjourned to chambers and argument thereon was had August 14, 1979. Upon oral argument Peter Savago, Ulster County Republican Party Chairman, appeared specially to contest the jurisdiction of this court to hear the matter and moved to dismiss the proceedings upon the issue of jurisdiction. He also supported the determination of the board of elections dated August 7, 1979 invalidating the initial petitions upon the objections filed by Albert Trautman (Town of Marlboro Republican Party Chairman), and finally opposed granting the alternative relief, to wit, granting the Ulster County Democratic Party voters opportunity to ballot in the September 11, 1979 primary election.
The parties’ contentions must be considered seriatim.
I. JURISDICTION
Mr. Savago contends (1) Republican Commissioner Callahan was not duly served with a copy of Justice Klein’s order by 9:00 p.m. August 9, 1979, and (2) certain allegedly indispensable persons required by section 16-102 of the Election Law were not made parties to the proceeding (any aggrieved candidate, chairman of any party committee, and any objector to the petitions).
Counsel for respondents orally stated he personally handed Callahan a conformed copy of the order at Callahan’s home at 10:00 p.m. August 9, 1979. This contention is deemed insufficient in view of the fact that service one hour later than directed in the order is not of substance sufficient to constitute *572 invalidity. (See, e.g., Matter of Straniere v Cutolo, 59 AD2d 572, 573, affd 42 NY2d 984.)
Of greater consequence is the determination of the question concerning indispensable parties. Examination of section 16-102 of the Election Law discloses the absence of language specifically identifying necessary parties. Said section states:
"1. The nomination or designation of any candidate for any public office or party position or any independent nomination, or the holding of an uncontested primary election, by reason of a petition for an opportunity to ballot having been filed, or the election of any person to any party position may be contested in a proceeding instituted in the supreme court by any aggrieved candidate, or by the chairman of any party committee or by a person who shall have hied objections, as provided in this chapter, except that the chairman of a party committee may not bring a proceeding with respect to a designation or the holding of an otherwise uncontested primary.
"2. A proceeding with respect to a petition shall be instituted within fourteen days after the last day to file the petitions; or if such proceeding is in connection with a petition for a village election or an independent nomination for a special election, it shall be instituted within seven days after the last day to file the petition for such village election or independent nomination; or if in connection with a primary, convention, or caucus, within ten days after the holding of such primary, convention or caucus.
"3. The court may direct reassembling of any convention or the holding of a new primary election, or caucus where it finds there has been such fraud or irregularity as to render impossible a determination as to who rightfully was nominated or elected.” (Emphasis supplied.)
Savago relies on Matter of Butler v Hayduk (37 NY2d 497, 498-499), a four-to-three decision, for the proposition that an objector to a designating petition is an indispensable party to a proceeding by a party who seeks to validate his stricken designating petition. The failure to serve objector Albert Trautman, Marlboro Town Republican Chairman, in the present case with the order to show cause is alleged to be a jurisdictional defect under Butler (supra, p 499) because, "The objector is the active person who has brought about the administrative determination which is under attack. Boards of *573 Elections may adopt a neutral stance or be limited in the arguments they address to the Special Term on questions involving ministerial supervision of petitions. They should not be relied on solely to carry the litigation burden.” He also urges Matter of Miranda v Erie County Bd. of Elections (59 AD2d 643) for the principle that failure to serve a candidate whose name is in issue is also a technical defect in service, jurisdictional in nature, which may not be cured by a court.
Petitioner, on the other hand, contends the Legislature conferred general jurisdiction upon the Supreme Court to summarily determine any question of law and fact raised in election matters. Section 16-100 of the Election Law states:
"§ 16-100. Jurisdiction; supreme court, county court.
"1. The supreme court is vested with jurisdiction to summarily determine any question of law or fact arising as to any subject set forth in this article, which shall be construed liberally.” (Emphasis supplied.)
This court believes it has jurisdiction to hear and determine the issues presented. Section 16-100 of the Election Law provides an umbrella beneath which the Supreme Court was designated by the Legislature as a forum to which aggrieved persons can seek judicial review of problems concerning both interpretation of applicable laws and actions taken by boards of election. Under the circumstances of this case, neither candidates, chairmen of political parties, nor the original objector were felt to be necessary parties when Justice Klein granted the order to show cause. Moreover, nowhere in section 16-102 of the Election Law are necessary parties named as such. It cannot be the function of the court to legislate; rather it must interpret. The Butler (supra) principle does not apply where unserved objectors actively participate in the proceedings (see, e.g., Matter of Lloyd v Power, 37 AD2d 792), or where the issues for review have been presented by another interested person such as an aggrieved candidate (see, e.g., Matter of Straniere v Cutolo, 42 NY2d 984, 986, supra). The objector’s positions were upheld by the board of elections, and Mr. Savago advanced all legal contentions of the objector and Republican candidates in this proceeding. A court determining whether the failure to serve objectors is a fatal jurisdictional defect must look beyond the technicality of service to the substance of issue presentation. This court determines the unserved objector’s and candidates’ interests have been adequately represented by a person with standing under section *574 16-102 of the Election Law, and finds it is not required to dismiss for failure to serve the objector and candidates.
II. REVIEW OF THE DESIGNATING PETITIONS
On August 7, 1979, the Ulster County Board of Elections by unanimous decision upheld the objections of Albert Trautman dated August 6, 1979. Mr. Trautman listed 20 specific objections. The failure to include in the petitions any identification of the assembly districts applicable to the signatories was sufficient ground to invalidate 67 of the signatures thereby leaving an insufficient number of valid signatures to sustain proper nomination.
The Court of Appeals has consistently held that the failure of a subscribing witness to a designating petition to list his assembly district invalidates the petition. In Matter of Morris v Hayduk (45 NY2d 793, 794) a unanimous Court of Appeals said: "The statutory language which we have previously interpreted as requiring a subscribing witness to a designating petition in all areas of the State to list his current assembly district (Matter of Vari v Hayduk, 42 NY2d 980; see Matter of Rutter v Coveney, 38 NY2d 993) remains unchanged by the recent recodification of the Election Law (compare Election Law, § 6-132, subd 2, with L 1971, ch 424). Had the Legislature wished to change the law so as to require only those subscribing witnesses who reside in New York City and Nassau County to list their current assembly district, it could have done so quite simply, as it has done with respect to signatories to petitions (see Election Law, § 6-130; Election Law, § 6-132, subd 1, as amd by L 1978, ch 373, § 57). Indeed, legislation to that effect was introduced during the 1978 session of the Legislature (see 1978 S9431, A12741). That proposal was not enacted into law.” In this case the Ulster County Board of Elections sustained the objection by Albert Trautman to several of the designating petitions for the reason that the subscribing witness did not specify his assembly district. The invalidation of designating petition signatures by the Ulster County Board of Elections was, therefore, consistent with the legal principles set forth in Matter of Morris v Hayduk (supra) and this court finds no legal reason to disturb the Ulster County Board of Elections decision dated August 7,1979.
III. OPPORTUNITY TO BALLOT
The more perplexing issue in these proceedings involves *575 determination of whether an opportunity to ballot may be afforded the voters in Ulster County to nominate Democratic Party candidates in the Ninth District for the election to the Ulster County Legislature at the general election in November, 1979. In the present posture, by reason of the invalidation of the designating petitions, there will be no candidates opposing those nominated by the Republican Party. This is obviously contrary to the wishes of at least all those voters who signed the now invalid, designating petitions. There is before this court a letter from petitioner Harold Brown in his capacity as Chairman of the Ulster County Democratic Party dated August 9, 1979 addressed to the Ulster county Board of Elections which he intended to be a request to the board to allow Democratic Party voters an opportunity to ballot in the primary election. The board by letter dated August 13, 1979 was unable to rule upon that request, the vote having split evely with the Republican president voting no and the Democratic secretary voting yes. In the argument before this court the parties divide along strict partisan lines.
The ultimate determination is made difficult by the fact that in most of the decisions upon suits involving the technical requirements of designating petitions by the Court of Appeals, it appears undisputed that strict compliance with statutory technicalities must be observed. The failure of such observance has already resulted in the invalidation of the designating petitions herein. It is conceded that the aforesaid letter from Brown does not comply with the requirements of section 6-166 of the Election Law. However, it is urged that in Matter of Hunting v Power (20 NY2d 680), the Court of Appeals affirmed a decision at Special Term by Justice Abraham J. Gellinoff (54 Misc 2d 120) in which the broad powers given the Supreme Court under then existing section 330 of the Election Law were utilized to grant the opportunity to ballot to the Republican voters in the City of New York for their candidate for election to the office of Judge of the Civil Court of the City of New York, Ninth Municipal Court District.
In Hunting it appears the original nominating petitions filed on behalf of the Republican Party candidate Joseph A. Macchia were initially accepted and he was presumed to be the official candidate. In his suit, petitioner Hunting, the Democratic Party nominee, attacked Mr. Macchia’s petitions on the ground the number of signatures was insufficient. *576 Special Term upheld this contention and declared the Macchia nomination void thereby leaving the Republican Party without a candidate. No petitions seeking an opportunity to ballot were ever ñled by the Republican Party; and the election became uncontested. Special Term holding "[t]he essential purpose of the Election Law was to insure an 'equal chance and opportunity for every one to express his choice at the polls’ ” held it was "mandated [in such circumstances] to 'make such order as justice may require.’ ” (Matter of Hunting v Power, 54 Misc 2d 120, 122, supra.) Justice Gellinoff directed the board of elections to submit to enrolled voters of the Republican Party an opportunity to write in the name of a Republican candidate for nomination for the office involved. The Appellate Division affirmed without opinion (28 AD2d 826), and then the Court of Appeals by a vote of five to two. (Matter of Hunting v Power, supra.)
More recently the Appellate Division, Third Department, in 1973 following the rationale of Matter of Hunting v Power (supra) in Matter of Ramos v Alpert (41 AD2d 1012, 1014) held: "Here, the foreclosure of the rights of the enrolled Democratic electorate, as well as the rights of the Democratic candidates, to express their choice as to whom their candidates should be and to have the opportunity to be chosen as party candidates, respectively, in this unusual situation would contravene the fundamental scheme of our election process. We, therefore, conclude that a write-in primary for Democratic aldermanic candidates is required to achieve justice.” (Emphasis added.)
As evidenced by the multitude of litigation centering upon Election Law cases and particularly upon nominating and designating petitions, the entry into the political arena is fraught with dangers and problems. When one dines with wolves, it is moot whether one is a guest or the entreé.
It is the opinion of this court Democratic voters in Ulster County desire to have the right to vote for candidates in the Ninth Legislative District. In the absence of the opportunity to ballot, there will be an uncontested election for said offices. This court in the exercise of its Election Law, section 16-100 power, deems it to be in the public interest and the interests of justice to afford the voters the right to make a choice at the polls in the general election. Accordingly, the Ulster County Board of Elections is directed to submit to enrolled Democratic Party voters an opportunity to write in the names of *577 Democratic candidates for nomination for the offices of County Legislators in the Ninth Legislative District of Ulster County at the primary election.