■ In the Matter of HAROLD BROWN, Respondent-Appellant, v JOHN J. HOGAN et al., Constituting the Board of Elections of the County of Ulster, Respondents, and PETER J. SAVAGO, Appellant-Respondent.—Cross appeals from a judgment of the Supreme Court at Special Term, entered August 21, 1979 in Ulster County, which denied petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid certain designating petitions and directed the Board of Elections of the County of Ulster to provide the enrolled Democratic voters of the 9th Legislative District of Ulster County with the opportunity to write in the names of candidates for the office of County Legislator at the September 11, 1979 Primary Election. Designating petitions were filed with the Board of Elections of Ulster County (board) on behalf of four enrolled Democrats seeking the Democratic nomination for the four seats in the Ulster County Legislature from the 9th Legislative District. Objections were filed by one Albert Trautman, Chairman of the Republican Committee for the 9th Legislative District, and the board declared certain signatures on the designating petitions invalid and rejected the petitions. Thereafter, on August 9, 1979, petitioner, the Ulster County Democratic Party Chairman, commenced this proceeding seeking to declare valid the designating petitions or, in the alternative, an order directing the board to allow the Democratic voters in the 9th Legislative District the opportunity to ballot in the Primary Election. By letter dated August 9, 1979, petitioner also requested the board to provide the opportunity to ballot. This request was denied. Peter J. Savago, Ulster County Republican Party Chairman, appeared specially to contest Special Term's jurisdiction, contending that the failure to serve the objector, Albert Trautman, was a fatal defect. Special Term rejected this argument and denied petitioner's application to validate the petitions, but directed the board to provide Democratic voters the opportunity to ballot. This appeal ensued. There must be a reversal. The objector was an indispensible party to

this proceeding and the failure to serve him requires dismissal of the petition *(Matter of Butler v Hayduk,* 37 NY2d 497; see, also, *Matter of Cappellazzi v Toto,* 41 NY2d 1050). We also note that petitioner's letter to the board requesting the opportunity to ballot failed to comply with the requirements of sections 6-164 and 6-166 of the Election Law. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.