In the Matter of LOU WEIN, Appellant, v GUY V. MOLINARI et al., Respondents.—In a proceeding, *inter alia,* to validate a petition designating appellant Lou Wein as a candidate in the Republican Party primary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the 17th Congressional District, the appeal is from a judgment of the Supreme Court, Richmond County, dated August 15, 1980, which dismissed the application. Judgment affirmed, without costs or disbursements. Appellant, respondent Molinari and John M. Peters were three Republican candidates for the office of Representative to the United States Congress from the 17th Congressional District. At about midnight on August 4, 1980, Molinari filed general objections with the Board of Elections without notifying appellant or Peters of this fact. Upon appellant's discovery that such objections had been filed, a petition was prepared naming as respondents Molinari and Arnold M. Thompson, the Republican County Chairman, two of the four original objectors. On August 6, 1980 appellant's attorney met the attorney for the objectors in the chambers of a Justice of the Supreme Court, Richmond County. They had each gone there to obtain the court's signature on an order to show cause in contemplation that it might be necessary to commence a validation or invalidation proceeding. At that time each attorney agreed to accept service of the other's order to show cause on behalf of his client or clients. On

August 15, 1980, at the call of the calendar, the instant proceeding to validate the designating petition of the appellant was marked ready. The objectors' attorney then informed the court that appellant's proceeding was faulty in that only two of the four objectors had been named and served. He also moved that the proceeding to invalidate the appellant's designating petition, in which three of the four objectors had joined as petitioners, be withdrawn. The motion to withdraw the proceeding to invalidate was granted and the instant proceeding to validate was ordered dismissed on the ground that two of the four objectors were neither named in nor served with the petition as required by law. The objectors served were Molinari and Thompson. Those neither named nor served were George M. Hart, vice-chairman of the Republican party, and Michael J. Petrides, the general campaign manager for Molinari. The objectors, except Hart who did not join in the proceeding to invalidate, were represented by the same counsel at all times relevant to the instant proceeding. Appellant had reason to know the identities of the three objectors who had commenced the proceeding to invalidate his designating petition by virtue of their status as petitioners. "An objector of whom the candidate has notice is a necessary party to subsequent judicial proceedings brought by the candidate to validate his stricken designating petition" (Matter of Butler v Hayduk, 37 NY2d 497, 498). Failure to serve such an objector precludes the court from entertaining the proceeding; Special Term's dismissal was therefore proper (cf. Matter of Brown v Ulster County Bd. of Elections, 48 NY2d 614, 616). Lazer, Margett and Martuscello, JJ., concur.

Hopkins, J. P., and Rabin, J., dissent and vote to reverse the judgment and remand the matter to Special Term for further proceedings consistent herewith. Service on Hart was not required since he had not joined as an objector in the proceeding to invalidate the appellant's designating petition. Moreover, on the facts of this case, where the three acknowledged objectors are represented by the same counsel and all are united by identity of interest, it would exhalt form over substance to order dismissal for failure to serve Petrides, the campaign manager of the candidate who was served (cf. Matter of Straniere v Cutolo, 42 NY2d 984). The matter should be remitted to Special Term for a determination of the validity of the appellant's designating petition.