■ In the Matter of THOMAS P. HALLEY, JR., Appellant, v COLLETTE LAFUENTE et al., Respondents.—In a proceeding to validate a petition designating Thomas P. Halley, Jr., as the Democratic Party candidate in the General Election to be held on November 5, 1991, for the public office of Member of the Dutchess County Legislature, District 8, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered August 26, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner failed to effectuate service pursuant to CPLR

308 (4) upon the only objector so that jurisdiction over her was not obtained. We note that the process server was not called as a witness. The affidavit of service listed no house number and the objector maintained that neither the order to show cause nor the petition was affixed to her residence. While proper service is not nullified by an improperly executed affidavit of service *(see, Le Fevre v Cole,* 92 AD2d 720), and the denial of receipt of process does not overcome proof of service *(see, Colon v Beekman Downtown Hosp.,* 111 AD2d 841; *Denning v Lettenty,* 48 Misc 2d 185), here there was no proof of proper service. Furthermore, it is well established that an objector of whom a candidate has notice is a necessary party to a proceeding to validate a petition *(see, Matter of Butler v Hayduk,* 37 NY2d 497; *Matter of Swan v Cohen,* 179 Misc 69, *affd* 262 App Div 956, *affd* 286 NY 678). Indeed, the failure to serve the only objector was not a hypertechnicality that could be overlooked *(see, Matter of Butler v Hayduk, supra,* at 499; *cf., Matter of Cappellazzi v Toto,* 41 NY2d 1050 [Jasen and Fuchsberg, JJ., dissenting]; *Matter of Lamula v Power,* 13 NY2d 873). Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.