■ In the Matter of GERARD DiROBERTO et al., Respondents, v ANTHONY NAPOLI et al., Appellants, et al., Respondents. [670 NYS2d 314] —In a proceeding, *inter alia,* pursuant to Election Law § 16-102 to invalidate certificates nominating Anthony Napoli and Rico Dos Anjos as candidates of the Independence Party of the Village of Port Chester for the public office of Village Trustee of the Village of Port Chester in an election to be held on March 17, 1998, and to enjoin the Village Clerk from placing the names of Anthony Napoli and Rico Dos Anjos on the ballot for that election, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered February 18, 1998, which, *inter alia,* granted the petition, invalidated the caucus at which the nominations were made, and directed that the names of Anthony Napoli and Rico Dos Anjos be removed from the ballot.

Ordered that the judgment is reversed, on the law, with costs, the certificates nominating Anthony Napoli and Rico Dos Anjos as candidates of the Independence Party of the Village of Port Chester for the public office of Village Trustee of the Village of Port Chester in an election to be held on March 17, 1998, are reinstated, the names of Anthony Napoli and Rico Dos Anjos are restored to the ballot for that election, and the proceeding is dismissed.

The proceeding must be dismissed as jurisdictionally defective because the petitioners failed to timely serve the respondent Anthony Napoli, a necessary party to the proceeding (*see,* CPLR 1001 [a]; *Swirsky v Smallwood,* 148 AD2d 523; *Matter of*

*Miranda v Erie County Bd. of Elections*, 59 AD2d 643). O'Brien, J. P., Joy, Altman and Luciano, JJ., concur.